IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *   CRIMINAL NO. DLB-23-181 |
| v. | * |
| | * |
| IAN OMER FOREMAN, | * |
| | * |
| Defendant | * |

*******

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

On April 24, 2024, the Defendant, Ian Omer Foreman, appeared before this Court and pled guilty to Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 23. He will appear before this Court for sentencing on September 3, 2024. The United States Probation Office ("USPO") calculated the range of imprisonment under the United States Sentencing Guidelines as 46 to 57 months and recommended a sentence of 46 months imprisonment followed by three years of supervised release. ECF No. 29. The Government concurs and respectfully requests a sentence of 46 months imprisonment followed by three years of supervised release, along with forfeiture of the ammunition seized that was part of the offense. The Government submits that such a sentence would be sufficient but not greater than necessary to achieve the aims of sentencing articulated in 18 U.S.C. § 3553(a).

I. Argument

The statutory factors for the Court's consideration under 18 U.S.C. § 3553(a) include: 1) the nature and circumstances of the offense and history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and provide the defendant with needed services; and 3) the kinds of sentences available and the need to avoid unwarranted

sentencing disparities. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661.

The Government submits that a sentence of 46 months, followed by three years of supervised release, and the forfeiture of the ammunition seized in this matter is sufficient, but not greater than necessary, given the facts and circumstances of this case and the § 3553(a) factors.

    **a. The Nature and Circumstances of the Offense**

On December 7, 2022, at approximately 2:20 a.m., a member of the Prince Georges Police Department ("PGPD") observed the Defendant run red light in a white Infinity SUV as the Defendant entered Annapolis Road from the Baltimore-Washington Parkway in Bladensburg, Maryland. The officer began to follow the Infinity westbound on Annapolis Road and activated his cruiser's emergency lights in an attempt to conduct a traffic stop. The Infinity then increased its speed and continued west on Annapolis Road while failing to stop at three red lights. After approximately one minute, the Infinity crossed the double line and traveled westbound in the two eastbound lanes of Annapolis Rd. The Infinity continued traveling on the wrong side of the road up a single lane exit ramp and narrowly avoiding a head-on collision with another vehicle that was using the exit ramp as designed. In avoiding the head-on collision with the other vehicle, the Infinity subsequently struck a median and one side of the Infinity's tires went over the median in a manner that left it unable to propel itself forward.

As the officer approached and directed the Defendant to raise his hands, the Defendant did so while jogging away from the officer. After a brief pursuit, the Defendant was handcuffed and another PGPD officer recovered a green and black semi-automatic privately manufactured firearm bearing no serial number with an extended magazine, loaded with 32 rounds of 9mm ammunition

from the Defendant's waistband. The Defendant possessed the privately manufactured firearm and ammunition knowing that he was prohibited from doing so due to his past convictions, which include two prior firearm convictions.

It is a small miracle that another motorist nor the Defendant was not seriously injured in the Defendant's flight from law enforcement that night. That is before considering the danger posed by the privately made firearm loaded with 32 rounds on the Defendant's person. This offense conduct warrants a sentence of 46 months imprisonment.

### b. The History and Characteristics of the Defendant

The Presentence Investigation Report details the Defendant's criminal history. Of particular significance is the Defendant's prior unlawful use and possession of firearms. In 1996, at 19 years-old, the Defendant pleaded guilty to Possession of Cocaine with Intent in the Superior Court for Washington, DC. The Defendant was sentenced to three years of supervised probation. However, in 1998 his probation was revoked before being terminated unsuccessfully. In 1998, at age 20, the Defendant was found guilty of one count of Aggravated Assault While Armed, two counts of Possession of a Firearm during a Crime of Violence, Mayhem while Armed, and Carrying a Pistol Without a License in the Superior Court for Washington, DC. In 2006, the Defendant's initial sentence was amended to fifteen years to life imprisonment for the Aggravated Assault While Armed, five to fifteen years imprisonment for one count of Possession of a Firearm during a Crime of Violence to run concurrent, twenty to 60 months for Carrying a Pistol Without a License to run concurrent, and the convictions for Mayhem while Armed and one count of Possession of a Firearm during a Crime of Violence were vacated. On December 4, 2022, the Defendant pleaded guilty to Handgun in a Vehicle in the Circuity Court of Maryland for Montgomery County and was sentence to one year of incarceration, all of which was suspended.

3

Additionally, the Defendant has been charged with driving on the wrong side of the road on three separate occasions.

Regarding the Defendant's personal history, the Government recognizes that the Defendant took responsibility for his conduct in this case, has struggled with mental health and substance abuse issues, and physical health issues.  However, these do not mitigate the Defendant's possession of a loaded firearm after being prohibited from doing so.  Considering these together, the Government submits that a sentence of imprisonment of 46 months, which is the bottom of the Guidelines range, properly accounts for the Defendant's personal history and serious criminal conduct.

### c. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

As described above, the instant offense conduct was serious given the loaded firearm involved, the Defendant's out of control driving, and the Defendant's prohibited status due to two previous convictions involving firearms.  This offense conduct, and the Defendant's recidivism, demonstrate a need for a significant sentence that promotes respect for the rule of law and just punishment.  The Government submits that a sentence of 46 months imprisonment is sufficient but not greater than necessary to achieve these goals of sentencing.

### d. Need to Provide Adequate Deterrence to Criminal Conduct

The Defendant's previous convictions have failed to deter him from possessing a dangerous firearm, even though he was a prohibited from doing so.  Three months before the conduct in this case, on October 17, 2024, the Defendant pled guilty to possession of handgun in his vehicle which had been recovered following in automobile accident in December 2020. The defendant received a one-year suspended sentence and three months later committed the same

conduct. A sentence of 46 months imprisonment is warranted to deter the Defendant and convey to him that returning to such conduct in the future will yield similar consequences.

### e. Supervised Release, Forfeiture, and Fine

The statutory maximum term of supervised release is three years. *See* 18 U.S.C. § 3583(b)(2). The Guidelines range for a term of supervised release is one to three years. USSG §5D1.2(a)(2). The USPO recommends a term of supervised release of three years. The Government concurs with this recommendation and respectfully requests a term of supervised release of three years. The Defendant is currently 46 years old. If the Court imposes a term of imprisonment of 46 months (with credit for time served), the Defendant will be released just shy of his 50th birthday. A study by the United States Sentencing Commission found that the recidivism rate for federal firearm offenders was 69% and the median time to the recidivism event was 16 months.[1] Federal firearms offenders with the Defendant's criminal history score of III recidivated at a rate of 69.6%.[2] Taking age into account, federal firearms offenders between 50 and 50 years of age when released recidivated at a rate of 47.0%.[3] Although these general statistics are not a predictor in an individual case, the Government submits that a term of supervised release of three years is warranted here in light of the Defendant's recidivism to date, including two felony offenses involving firearms, and history of motor vehicle offenses.

The Government hopes that a full term of supervised release will provide the Defendant with the support and access to services and programing that allow him to lead a stable and law-

---

[1] UNITED STATES SENTENCING COMMISSION, RECIDIVISM OF FEDERAL FIREARMS OFFENDERS RELEASED IN 2010 (November 2021), at 23, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20220209_Recidivism-Firearms.pdf.
[2] *Id.* at 28.
[3] *Id.* at 29.

abiding life. Hopefully, a full term will also serve as an adequate deterrent for the Defendant given the knowledge that he will face potential additional imprisonment because of future violations.

The Government recommends no fine in this case, beyond the required $100 special assessments.

## II. Conclusion

As determined by the United States Probation Office. and not contested by the parties, the United States Sentencing Guidelines range of imprisonment is 46 to 57 months for the Defendant's crime and criminal history. The Government respectfully requests a sentence of 46 months imprisonment and submits that such a sentence, with a term of three years supervised release and forfeiture of the ammunition involved in the offense, would be sufficient, but not greater than necessary, to satisfy the goals set forth in 18 U.S.C. § 3553.

                                                  Respectfully submitted,

                                                  Erek L. Barron
                                                  United States Attorney

By:     /s/_____
           Nicholas Potter
           Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                              /s/
                                      Nicholas Potter
                                      Assistant United States Attorney